UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKAH SUE STEELE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALL YE JUDGES OF THE COURTS, et al.,<br><br>　　　　Defendants. | **1:22-cv-01117-GSA-PC**<br><br>**ORDER DENYING MOTION TO REOPEN CASE**<br>**(ECF No. 28.)** |

**I.　BACKGROUND**

Rebekah Sue Steele ("Plaintiff") is a jail inmate proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On August 25, 2022, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On October 25, 2022, Plaintiff filed a "Motion for Dismissal of this Matter" and the case was dismissed without prejudice under Rule 41 of the Federal Rules of Civil Procedure.  (ECF Nos. 25, 27).  On December 27, 2022, Plaintiff filed a motion to reopen the case.  (ECF No. 28.)

**II.　MOTION TO VACATE VOLUNTARY DISMISSAL AND REOPEN CASE**

The Court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Rule 59(e).  Harris v. Placer Cnty. Jail, No. 219CV01139MCEDMC,

2020 WL 6498966, at *1 (E.D. Cal. July 6, 2020) (citing see Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995)). The motion must be filed no later than twenty-eight (28) days after entry of the judgment.[1] See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] Harris, 20 WL 6498966, at *1 (citing see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

Under Federal Rule of Civil Procedure 60, "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); Gradford v. Tiexiera, No. 117CV00201DADGSAPC, 2020 WL 5362404, at *1 (E.D. Cal. Sept. 8, 2020).

At the outset, the Court finds Plaintiff's motion untimely under Rule 59(e) and timely under Rule 60. The case was voluntarily dismissed on October 25, 2022, (ECF No. 25), and Plaintiff's motion to reopen the case was delivered to prison authorities for mailing fifty-six days later on December 20, 2022, (ECF No. 28 at 2.)

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for *pro se* prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

Plaintiff does not argue that there has been an intervening change in the law or that there is new evidence. Plaintiff thus appears to argue in her current motion that reconsideration is warranted to correct clear error or prevent manifest injustice. However, Plaintiff merely declares that "[i]t has been a great mistake the dismissal of my filelings [*sic*]." (ECF No. 28 at 1.) Plaintiff fails to offer any explanation why it was a mistake to dismiss this case. Accordingly, Plaintiff fails to show a legally justifiable basis for the court to grant Plaintiff's motion and reopen the case, therefore the Court will deny Plaintiff's motion.[3]

### III.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to reopen this case, filed on December 27, 2022, is DENIED; and

2. This case remains closed and no further filings will be accepted.

IT IS SO ORDERED.

Dated:   **December 29, 2022**              /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is reminded that on October 27, 2022, the Court dismissed this case *without prejudice*, and therefore she is not precluded from filing this case again. (ECF No. 27.)